Concord District Court
No. 2006-324

STATE OF NEW HAMPSHIRE

v.

SCOTT BUCHANAN

Submitted: March 22, 2007
Opinion Issued: May 30, 2007

*Kelly A. Ayotte*, attorney general (*Elizabeth J. Baker*, attorney, on the brief), for the State.

*Law Offices of Penny S. Dean*, of Concord (*Penny S. Dean* on the brief), for the defendant.

## MEMORANDUM OPINION

DALIANIS, J. The defendant, Scott Buchanan, appeals the order of the Concord District Court (*Sullivan*, J.) denying the return of two firearms to him after he was found incompetent to stand trial. We vacate and remand.

Following a competency evaluation performed by James J. Adams, M.D., Chief Forensic Examiner for the New Hampshire Department of Corrections, the defendant was found incompetent to stand trial. After charges were dismissed, he filed a motion for the return of two firearms that had been seized pursuant to his bail order. The State argued that under federal firearms law, the defendant was a "mental defective" as a result of the incompetency finding and, therefore, was prohibited from possessing firearms. The trial court denied the return of the firearms and this appeal followed.

### I. *"Mental Defective" under Federal Firearms Law*

The defendant argues that the trial court erred as a matter of law in equating a finding of incompetence to stand trial with an adjudication as a

mental defective under federal law. The State counters that because the defendant was found incompetent to stand trial, he has been "adjudicated as a mental defective" and is, therefore, prohibited by 18 U.S.C. § 922(g)(4) (2000), a part of the Federal Gun Control Act of 1968, from owning firearms. *See* 27 C.F.R. § 478.32(a) (2006).

The interpretation of a statute is a question of law, which we review *de novo. In the Matter of Liquidation of Home Ins. Co.*, 154 N.H. 472, 479 (2006). The meaning of the phrase "adjudicated as a mental defective" under 18 U.S.C. § 922(g)(4) is a question of federal law. *Cf. Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 111-12 (1983). In construing the statute, we first examine its language and structure, *Huddleston v. United States*, 415 U.S. 814, 819 (1974), and interpret it in accordance with federal policy taking into account whatever guidance, if any, state law may offer. *United States v. Chamberlain*, 159 F.3d 656, 658 (1st Cir. 1998).

Subsection 922(g) lists nine categories of people who may not possess a firearm. "The principal purpose of the federal gun control legislation ... was to curb crime by keeping firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency." *Huddleston*, 415 U.S. at 824 (quotation omitted). In enacting these categories, Congress was "reaching far and was doing so intentionally." *Dickerson*, 460 U.S. at 116.

Subsection 922(g)(4)—the provision at issue in this case—prohibits possession of a firearm by anyone who "has been adjudicated as a mental defective." The term "adjudicated as a mental defective" is defined as:

> A determination by a court, board, commission, or other lawful authority that a person, as a result of marked subnormal intelligence, or mental illness, incompetency, condition, or disease:
>
> (1) Is a danger to himself or to others; or
>
> (2) Lacks the mental capacity to contract or manage his own affairs.

27 C.F.R. § 478.11(a) (2006).

■ Because it appears that the trial court ruled as a matter of law that "adjudicated as a mental defective" means the same thing as incompetent to stand trial, we hold that it erred. In a criminal case, a competency determination is a limited inquiry to determine "competen[ce] to stand trial" that focuses upon "[w]hether the defendant has a rational and factual understanding of the proceedings against him or her, and sufficient present ability to consult with and assist his or her lawyer on the case with

a reasonable degree of rational understanding." RSA 135:17, II(b), III (2005). Under the terms of this statute, competency is not directly related to dangerousness or the ability to contract or manage one's own affairs— requirements of the federal definition of "adjudicated as a mental defective." Therefore, because the trial court impermissibly equated incompetency to stand trial with "adjudicated as a mental defective," we vacate the trial court's order and remand for further proceedings consistent with this opinion.

■ On remand, the trial court shall determine whether the defendant meets the definition of "adjudicated as a mental defective" either because "as a result of marked subnormal intelligence, or mental illness, incompetency, condition or disease" he is "a danger to himself or others" *or* he "lacks the mental capacity to contract or manage his own affairs." 27 C.F.R. § 478.11(a).

*II. Disposition of Property Under RSA 595-A:6*

The defendant also argues that the trial court erred in refusing to return his firearms because there was no evidence before the court that he was statutorily barred from possessing a handgun under federal law. The State argues that the defendant's firearms are contraband because they are "goods that are unlawful to possess" under federal law. *State v. Cohen*, 154 N.H. 89, 91 (2006) (quotation, brackets and ellipsis omitted). Therefore, the State contends the firearms should be forfeited under RSA 595-A:6 (2001). We do not resolve this issue, as the matter of whether the defendant's firearms constitute contraband should be addressed on remand.

*Vacated and remanded.*

DUGGAN, GALWAY and HICKS, JJ., concurred.